UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SILVIA CARRANZA,

                Plaintiff,

                                                              **COMPLAINT**

   -against-

MV CORP., INC.,

                Defendant.
----------------------------------------------------------------------X

      Plaintiff, SILVIA CARRANZA, by and through her counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, MV CORP., INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

    1.    Plaintiff brings this action against Defendant to recover damages for sexual harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII") and the New York State Human Rights Law, N.Y. Executive Law § 290 et seq. (hereinafter ("NYSHRL").

## JURISDICTION AND VENUE

    2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

    3.    This action properly lies in the United States District Court for the Eastern District of New York pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful discriminatory conduct occurred within the County of Suffolk in the State of New York.

    4,    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

    5.    Defendant does business in the State of New York within the Eastern District.

6. Prior to commencing this action, Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") under charge number 520-2022-06647.

7. On November 29, 2022, the EEOC issued a Dismissal and Notice of Right to Sue under the aforementioned charge number.

8. Plaintiff commenced this action within ninety (90) days of the receipt of the Notice of the Right to Sue.

## PARTIES

9. Plaintiff is a female, an "employee" within the meaning of 42 U.S.C. § 2000e(f), and a "person" within the meaning of N.Y. Exec. Law § 292(1).

10. At all times relevant, the Defendant is a domestic business corporation.

11. At all times relevant, the Defendant was and still is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and Section 292(5) of the NYSHRL.

## FACTUAL ALLEGATIONS

12. Defendant is engaged in the manufacture of custom decorated apparel with annual revenue in excess of $20 million and more than 150 employees.

13. Plaintiff was employed by Defendant as a helper for a machine operator from in or about July 2015 to in or about May 2022.

14. During her employment with Defendant, Plaintiff was sexually harassed by her supervisor, Luis Lopez, and forced to endure a severe and pervasive hostile work environment because of her sex.

15. During her employment with Defendant, and during working hours, Plaintiff was repeatedly, intentionally and maliciously harassed by Supervisor Lopez. The discriminatory

conduct included sexual comments, references to Plaintiff's anatomy, references to Lopez' genitalia, references to sexually oriented activities, requests for sexual favors, and physical touching.

16. Supervisor Lopez made rude, degrading and vile remarks to Plaintiff regarding sex on a daily basis. For example, Lopez repeatedly asked Plaintiff to perform oral sex. He frequently told Plaintiff that he wanted to "*fuck*" her "*from behind*." Supervisor Lopez' conduct caused Plaintiff embarrassment, humiliation and interfered with her ability to concentrate at work.

17. Plaintiff objected when Supervisor Lopez made these remarks and told him that his conduct was offensive to her. Supervisor Lopez responded to Plaintiff's complaints by assigning her more difficult work.

18. Supervisor Lopez made requests to Plaintiff for sex daily including, but not limited to, the following comments:

- "*If you do what I want you will be better off at work*"
- "*If you give me what my wife won't give me, I'll give you whatever you want*"
- "*I like your little breasts, they are perky so I want to suck on them*"
- "*Do you like them big or small? My penis is perfect for you.*"

19. In one particularly disgusting encounter, Supervisor Lopez exclaimed, "*Look how you have me, touch me, touch me*" as he pushed himself against Plaintiff's leg so that she could feel his erect penis.

20. In another instance, Supervisor Lopez led Plaintiff into a private room and groped Plaintiff beneath her clothing.

21. The final incident occurred when Supervisor Lopez touched Plaintiff's breast.

3

22. Plaintiff did not return to work at Defendant after May 22, 2022, because of the sexual harassment by Supervisor Lopez. The harassing and discriminatory conduct of Supervisor Lopez created a hostile work environment based on sex and resulted in the constructive discharge of Plaintiff's employment. Plaintiff was discriminated against in regard to the terms, conditions and privileges of her employment.

23. As a direct result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

24. As a direct result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting emotional pain, embarrassment, humiliation, mental anguish, and other incidental and consequential damages.

25. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## FIRST CLAIM FOR RELIEF
## TITLE VII SEX DISCRIMINATION

26. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

27. Plaintiff has been discriminated against on the basis of her sex.

28. Plaintiff was subject to ongoing sexually offensive and humiliating conduct that altered the terms and conditions of her employment.

29. The harassment of Plaintiff was so distracting that it interfered with Plaintiff's ability to work.

30. The harassment of Plaintiff made it more difficult for Plaintiff to perform her job.

31. The harassment to which Plaintiff was subjected was such that a reasonable employee would find the conditions of her employment altered for the worse.

32. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

33. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

34. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## SECOND CLAIM FOR RELIEF
## NEW YORK EXECUTIVE LAW

35. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Plaintiff has been discriminated against on the basis of her sex and gender.

37. Plaintiff was subject to ongoing sexually offensive and humiliating conduct that altered the terms and conditions of her employment.

38. The harassment of Plaintiff was so distracting that it interfered with Plaintiff's ability to work.

39. The harassment of Plaintiff made it more difficult for Plaintiff to perform her job.

40. The harassment to which Plaintiff was subjected was such that a reasonable employee would find the conditions of her employment altered for the worse.

41. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

42. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

43. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i.) Back pay and the value of employment related benefits;

(ii.) Compensatory damages for mental anguish and emotional distress;

(iii.) Punitive damages;

(iv.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(v.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
December 1, 2022

        LAW OFFICE OF PETER A. ROMERO PLLC

By: */s Peter A. Romero*
_____
Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com